

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212)300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACY SMITH and SIMONE SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>1STDIBS.COM, INC. and MICHAEL BRUNO,<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>July Trial Demanded |

Plaintiffs Stacy Smith and Simone Smith (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Fitapelli & Schaffer, LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers: Image Processors who have been employed by 1stDibs.com, Inc. and Michael Bruno (collectively "Defendants") in New York.

2. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees in the position of Image Processors of 1stDibs.com, Inc. who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

3. Plaintiffs also bring a claim for unpaid overtime wages under New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## THE PARTIES

### Plaintiffs

**Stacy Smith**

4. Plaintiff Stacy Smith is an adult individual who is a resident of Brooklyn, New York.

5. Stacy Smith was employed by Defendants as an Image Processor from on or about October 19, 2009 to July 15, 2010.

6. Pursuant to Defendants' policy, pattern, and/or practice, Stacy Smith regularly worked in excess of 40 hours per week, and did not receive proper overtime compensation for all hours worked.

7. Stacy Smith is a covered employee within the meaning of the FLSA and the NYLL.

8. A written consent form for Stacy Smith is attached to this Collective Action Complaint.

**Simone Smith**

9. Plaintiff Simone Smith is an adult individual who is a resident of Brooklyn, New York.

10. Simone Smith was employed by Defendants as an Image Processor from on or about November 20, 2009 to July 15, 2010.

11. Pursuant to Defendants' policy, pattern, and/or practice, Simone Smith regularly worked in excess of 40 hours per week, and did not receive proper overtime compensation for all hours worked.

12. Simone Smith is a covered employee within the meaning of the FLSA and the NYLL.

13. A written consent form for Simone Smith is attached to this Collective Action Complaint.

**Defendants**

14. Defendants 1stDibs.com, Inc. and Michael Bruno (collectively "Defendants") jointly employed Plaintiffs and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

15. During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

16. Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

17. Upon information and belief, Defendants' operations are interrelated and unified.

18. Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at 1stDibs.

19. Upon information and belief, Defendants have had the power to determine employee policies at 1stDibs, including, but not limited to, time-keeping and payroll policies.

**1stDibs.com, Inc.**

20. 1stDibs is a foreign business corporation organized and existing under the laws of Delaware.

21. Upon information and belief, 1stDibs' principal executive office is located at 156 Fifth Avenue, Suite 200, New York, New York 10010.

22. 1stDibs is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

23. At all relevant times, 1stDibs maintained control, oversight, and direction over the operations of its branches, including its employment practices, and engaged in the employment of Image Processors, including the Named Plaintiffs and members of the FLSA Collective Action, to perform work in various states across the United States.

24. Upon information and belief, at all times relevant, 1stDibs' annual gross volume of sales made or business done was not less than $500,000.00.

**Michael Bruno**

25. Upon information and belief, Michael Bruno ("Bruno") is a resident of the State of New York.

26. Upon information and belief, at all relevant times, Bruno has been the owner and Chief Executive Officer of 1stDibs.

27. Upon information and belief, Bruno has been the agent of the 1stDibs.

28. Upon information and belief, at all relevant times, Bruno has had power over personnel decisions at 1stDibs, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

29. Upon information and belief, at all times relevant, Bruno has had power over payroll decisions at 1stDibs, including the power to retain time and/or wage records.

30. Upon information and belief, Bruno is actively involved in managing the day to day operations of 1stDibs.

31. Upon information and belief, at all times relevant, Bruno has also had the power to stop any illegal pay practices that harmed Plaintiffs.

32. Bruno is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed, and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

33.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

34.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

35.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

36.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all persons who worked for Defendants as Image Processors at any time three years prior to the filing of this Complaint to the entry of judgment in this case (the "FLSA Collective"). Upon information and belief, Defendants paid Plaintiffs and the FLSA Collective strictly on a salary basis, and suffered and permitted them to work more than forty hours per week without ever paying them premium overtime compensation for all hours worked beyond forty per workweek.

38.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

39. Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective regularly worked in excess of 40 hours per work week without being paid overtime wages.

40. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

41. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiffs and the FLSA Collective. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per work week;

    b. willfully classifying Plaintiffs and employees in roles with the same or similar duties and with the same or different titles, including, but not limited to, Image Processor, as exempt from the overtime requirements of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

42. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiffs and employees in roles with the same or similar duties and with the same or different titles at Defendants' worksites, including, but not limited to Image Processors, as exempt from the overtime requirements of the FLSA and violating the FLSA by failing to pay them overtime premiums for time they worked in excess of 40 hours per workweek.

43. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per workweek.

44. Plaintiffs and the FLSA Collective perform or performed the same primary duties.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

46. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Stacy Smith**

47. Throughout the duration of her employment with Defendants, Stacy Smith consistently worked more than 40 hours per week.

48. Defendants failed to pay Stacy Smith overtime compensation for any of the hours she worked over forty in a workweek.

49. Upon information and belief, Defendants did not keep accurate records of wages earned or of hours worked by Stacy Smith.

**Simone Smith**

50. Throughout the duration of her employment with Defendants, Simone Smith consistently worked more than 40 hours per week.

51. Defendants failed to pay Simone Smith overtime compensation for any of the hours she worked over forty in a workweek.

52. Upon information and belief, Defendants did not keep accurate records of wages earned or of hours worked by Simone Smith.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

53. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

55. Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours they worked in excess of 40 hours in a workweek.

56. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

57. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs)

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs.

61. Defendants have failed to pay Plaintiffs overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. By Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Image Processors at 1stDibs. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and other unpaid wages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

D. Pre-judgment interest and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action;

F. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:   New York, New York
         December 22, 2010

Respectfully submitted,

/s/ Joseph A. Fitapelli
Joseph A. Fitapelli (JF 9058)

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against 1stDibs.com and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_[signature]_
**Signature**

Stacy Ann Smith
**Full Legal Name (Print)**

███████████
**Address**

███████████
**City, State      Zip Code**

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against 1stDibs.com and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

*Simone Smith*

Signature

Simone Smith

Full Legal Name (Print)

███████████████

Address

███████████████

City, State      Zip Code